IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TEDDY R SOSA,

    Plaintiff,

v.                                                                          No. 19-cv-1212 KG-LF

MARK MAHONE, *et al*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Teddy Sosa's Amended Civil Rights Complaint. (Doc. 3). Also before the Court are his motions to appoint counsel and apply NMRA 0-012(B)(6). (Docs. 4, 11). Plaintiff is incarcerated and appears *pro se*. He seeks money damages against the police officers who searched his residence in connection with his state criminal convictions. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will deny the motions and dismiss the Amended Complaint with prejudice.

I.     Background

    This case arises from Plaintiff's state convictions for child abuse, aggravated battery, and aggravated assault with a deadly weapon. (Doc. 1) at 8-9; *see also* (Judgment) in Case No. D-504-CR-2016-00508.[1] The Information attached to the Complaint reflects Plaintiff committed those crimes on October 3, 2016, when he "enter[ed] the dwelling house of [ex-wife] Lorina R.[] … without authorization." (Doc. 1) at 8. A jury convicted Plaintiff of the charges on August 10, 2017. *See* (Verdict-Guilty) in Case No. D-504-CR-2016-00508. The state court sentenced

---

[1] To better interpret that references in the Amended Complaint, the Court took judicial notice of the state criminal docket. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (courts may take judicial notice of another docket sheet).

him to a total term of nine years imprisonment.  *See* (Judgment) in Case No. D-504-CR-2016-00508.

In the instant Amended Complaint, Plaintiff seeks damages from the police officers who entered his residence on the day the crimes took place.  (Doc. 1) at 2.  He alleges the search and seizure was unreasonable, in violation of the Fourth Amendment.  *Id.*  Police were purportedly dispatched to Plaintiff's residence based on an "affirmation" that he had hostages.  *Id.*  It appears the report was submitted by Lorina R. and T.R.; the Amended Complaint alleges the unreasonable search and seizure was traceable to their "false allegations."  *Id.* at 4.  The police body cameras purportedly reflect Plaintiff "was not present due to the false allegations which le[d] to violat[ions] of [his] constitutional rights."  *Id.*  It is not clear whether Plaintiff was absent because he had already been arrested, or for some other reason.  In any event, the state prosecutors eventually dismissed two counts alleging Plaintiff battered and assaulted T.R. with a machete.  *Id.* at 4, 8-9.  Plaintiff points to the dismissal as evidence that police should not have searched his residence and/or discounted the report by Lorina R. and T.R.  *Id.* at 4.

The Amended Complaint seeks $275,000 in damages under 42 U.S.C. § 1983 and the Fourth Amendment.  (Doc. 1) at 6.  Plaintiff also appears to challenge his state convictions.  *Id.*  He raises a double jeopardy claim and argues he was unable to provide evidence at trial.  *Id.* at 5.  Plaintiff paid the filing fee, and the matter is ready for initial review.

II.     Pending Motions

As an initial matter, Plaintiff filed a Motion to Appoint Counsel and a Motion for Application of NMRA 1-012(b)(6).  (Docs. 4 at 11).  "Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro*

*bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The decision to make this request is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Factors guiding the Court's decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. The claims here are not complex or meritorious. Accordingly, the Court will deny the Motion to Appoint Counsel. (Doc. 4).

In the remaining motion, Plaintiff asks the Court to apply NMRA 1-012(B)(6) and decline to require "specific evidentiary detail" in the Amended Complaint. (Doc. 11) at 1. The Court will deny the motion, as NMRA 1-012(B)(6) is inapplicable in Federal Court. However, Plaintiff is still entitled to liberal construction of his *pro se* complaint, as set forth below.

III.     Standards Governing Sua Sponte Review

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all civil complaints filed while an individual is incarcerated. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any inmate complaint that "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). In evaluating a *pro se* prisoner complaint, the Court may "pierce the veil of the complaint's factual allegations" and consider other materials such as state court proceedings subject to judicial notice. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Because Plaintiff is *pro se,* the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992).  Nevertheless, the pleadings are still judged by the same legal standards that apply to all litigants.  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  The Court is not obligated to craft legal theories for the plaintiff or assume the role of advocate.  *Hall*, 935 F.2d at 1110.

IV.     Discussion

The crux of Plaintiff's Amended Complaint is that police officers conducted an unreasonable search and seizure of his residence on October 3, 2016.  This claim fails for several reasons.  First, any monetary relief is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994).  *Heck* held that the Federal Court must dismiss any Section 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing conviction or sentence.  *Id.* at 487.  In a supplemental filing, Plaintiff explicitly acknowledges his convictions were based on the search of his residence.  (Doc. 10) at 1 (challenging "illegal search and seizure upon which criminal charges are based").  Hence, a finding that police improperly searched Plaintiff's residence on the day of his arrest, based on reports by the assault victims, would constitute a collateral attack on his convictions.  *See Esquibel v. Brian Williamson,* 421 Fed. App'x 813, 817 (10th Cir. 2010) (*Heck* bars Section 1983 illegal search claims against officers where "the Constitutional violations were central to the state criminal conviction").  The Court also rejects the notion that the dismissal of two charges is tantamount to a "favorable determination sufficient to go forward on his § 1983 claims." *Id*.  "The question under *Heck* is not… whether some charges were dismissed, but whether a judgment … on his civil claims would necessarily imply the invalidity of the … remaining [convictions]."

4

*Id.*  The Court therefore cannot award damages under Section 1983 based on the search and seizure.[2]

Even if *Heck* did not bar relief, any constitutional claims are time-barred.  Section 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978).  *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014); *see also McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (the statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose").  Courts may consider the Section 1983 time-bar on screening "when the defense is obvious from the face of the complaint and no further factual record [is] required to be developed."  *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995).  The only alleged wrongdoing here involves the October 3, 2016, search.  (Doc. 1) at 2-4.  Plaintiff filed this case over three years later, on December 26, 2019.  (Doc. 1).

Plaintiff appears to acknowledge the time-bar in a supplemental filing.  (Doc. 10) at 1.  However, he alleges the illegal search claims did not accrue until certain charges were dismissed or the conviction is overturned.  *Id.*  This argument fails as a matter of law.  "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."  *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 558 (10th Cir. 1999).  The Amended Complaint is therefore time-barred on its face.

Finally, notwithstanding the above defects, the Amended Complaint does not

---

[2] The Amended Complaint also seeks an injunction ordering Roswell police "to stop harassment."  (Doc. 1) at 6.  However, this allegation is too vague to warrant relief.

5

demonstrate a viable Fourth Amendment claim. To perform a warrant-less search, police officers typically must have probable cause to believe a crime was or is being committed. *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010). Probable cause exists when "the facts available to [the officer] would warrant a [person] of reasonable caution in the belief" that a crime was or is being committed. *Florida v. Harris*, 133 S.Ct. 1050, 1055 (2013) (quotations omitted). A Section 1983 complaint must allege specific facts showing there was a lack of probable cause to support the search. *See Erickson v. Pawnee Cnty. Bd. of Com'rs.*, 263 F.3d 1151, 1154 (10th Cir. 2001).

Under Plaintiff's own recitation of the facts, a reasonably cautious officer would believe he committed a crime. The Complaint alleges that Lorina R. and T.R. made "false allegations" and an "affirmation" that he had hostages at his residence. (Doc. 1) at 2, 4. "[A] suspect's contradiction of a witness' accusation is [generally] not sufficient to vitiate probable cause." *Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006); *see also Roddy v. Suarez,* 405 Fed. App'x 294, 295 (10th Cir. 2010) (Section 1983 complaint failed to state a Fourth Amendment claim where officer relied on witness statements). Therefore, the alleged facts do not rise to the level of a Fourth Amendment violation.

For all of these reasons, the Amended Complaint fails to state a claim upon which relief can be granted. The Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915A(b)(1).

V.   The Court Declines to *Sua Sponte* Invite an Amendment

*Pro se* prisoners often are given an opportunity to amend a complaint, particularly when the pleading defects are attributable to their ignorance of federal law. *See Hall*, 935 F.2d at

1110. However, courts need not invite another amendment when any amended complaint would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Here, filing a second amended complaint clearly would be futile. Plaintiff cannot recover under Section 1983 from the police officers who searched his residence, for numerous reasons. The Court cannot consider Plaintiff's other arguments, such as double jeopardy and evidentiary issues, in this Section 1983 action. Challenges to a state conviction must be brought in a 28 U.S.C. § 2254 habeas proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Hence, the Court declines to *sua sponte* invite an amendment and will dismiss all federal claims with prejudice. To the extent the Amended Complaint raises state tort claims such as defamation and intentional infliction of emotional distress, the Court declines to exercise supplemental jurisdiction. All state claims will be dismissed without prejudice.

Finally, the Clerk's Office will mail Plaintiff a form Section 2254 petition. Plaintiff is advised that he must return the completed petition within one year after the conviction becomes final (*i.e.,* the state appeal process is complete).

IT IS ORDERED:

1. Plaintiff's Motion to Appoint Counsel (Doc. 4) is denied.

2. Plaintiff's Motion for Application of NMRA 1-012(b)(6) (Doc. 11) is denied.

3. All federal claims raised in the Amended Civil Rights Complaint (Doc. 3) are dismissed with prejudice; and any pure state-law claims raised in the Amended Complaint are dismissed without prejudice.

4. The Court will enter a separate judgment consistent with this ruling.

5. The Clerk's Office shall mail Plaintiff a form 28 U.S.C. § 2254 petition and a form motion to proceed *in forma pauperis*.

_____
UNITED STATES DISTRICT JUDGE