IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TEDDY R. SOSA,

    Plaintiff,

v.                                                                                  No. 19-cv-1212 KG-LF

MARK MAHONE, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Teddy Sosa's post-judgment motions and letters. (Docs. 14-20). Plaintiff is incarcerated and proceeding *pro se*. Construed liberally, his filings seek reconsideration of the ruling dismissing his Amended Civil Rights Complaint. (Docs. 3, 12). The Complaint alleges an improper police search led to Plaintiff's state convictions for child abuse, aggravated battery, and aggravated assault with a deadly weapon. By a ruling entered September 8, 2020, the Court dismissed the Complaint for failure to state a cognizable 42 U.S.C. § 1983 claim. (Doc. 12) (Dismissal Ruling). The Court also explained that if Plaintiff wishes to challenge his state criminal convictions, he must file a 28 U.S.C. § 2254 habeas petition. The Clerk's Office mailed him a blank Section 2254 form. Plaintiff has not filed a habeas proceeding.

Plaintiff submitted several post-judgment filings between November 12, 2021 and January 10, 2022. (Docs. 14-20). To obtain relief more than one year after entry of a final judgment, the movant typically must show the judgment is void or has been otherwise satisfied. *See* Fed. R. Civ. P. 60(b)(4)-(6), (c)(1). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." *Zurich North America v. Matrix Serv.*,

*Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Courts have considerable discretion in deciding whether to reconsider a ruling. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Here, the post-judgment filings primarily seek relief as though the case is still open. Plaintiff seeks:

(a) An investigation of various financial crimes, war crimes, "Big Tech," and alleged conspiracies by state judges and lawyers.

(b) Relief from his criminal convictions.

(c) Injunctive relief and perhaps damages for various torts and constitutional violations.

(d) An order compelling discovery.

(e) Judgment in his favor on the pleadings.

(f) A writ of attachment regarding his present custody.

(Docs. 14-20). Plaintiff's arguments do not demonstrate the Judgment is void or that declining to disturb the Dismissal Order would "offend[] justice." *Zurich*, 426 F.3d at 1293. Hence, Plaintiff is not entitled to relief under Rule 60(b)(4)-(6).

At least one filing contains a reference to "correct[ing] clerical mistakes in judgments." (Doc.16) at 3. Plaintiff may seek relief under Rule 60(a), which permits courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found" in a ruling. Fed. R. Civ. P. 60(a). After mentioning a "clerical mistake" Plaintiff asks the Court to "commute [his] sentence" and implies the witnesses in his state case are not credible. These arguments relate to the validity of Plaintiff's state convictions, rather than any clerical issue in the Dismissal Ruling. Rule 60(a) relief is therefore not warranted. The Court will deny all post-judgment requests for substantive relief; to reconsider the Dismissal Ruling; or to reopen this case. As previously noted,

Plaintiff must file a Section 2254 habeas proceeding if he wishes to challenge his state criminal convictions.

IT IS ORDERED that Plaintiff Teddy Sosa's post-judgment letters and motions seeking reconsideration (Docs. 14-20) are denied.

_____
UNITED STATES DISTRICT JUDGE